**Gary M. WEBER; Martin J. Weber, Plaintiffs–Appellees,**

v.

**Martin TRUJILLO, Defendant– Appellant.**

No. 01–2258.

United States Court of Appeals, Tenth Circuit.

May 20, 2002.

Before SEYMOUR, PORFILIO, and BALDOCK, Circuit Judges.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of

ORDER AND JUDGMENT *

PORFILIO, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Deputy Sheriff Martin Trujillo, of the Rio Arriba County, New Mexico, Sheriff's Department, seeks to appeal the district court's denial of his motion for summary judgment based on qualified immunity. The district court rejected his defense, and we dismiss for lack of jurisdiction.

Martin and Gary Weber filed an action under 42 U.S.C. § 1983 alleging Deputy Trujillo lacked probable cause to seize from them certain personal property, thereby violating the Fourth Amendment. Citing controlling authority from this court, the district court noted Deputy Trujillo would be entitled to qualified immunity if a reasonable police officer in his position could have believed that probable cause existed to charge the plaintiffs with an offense. *See McFarland v. Childers,* 212 F.3d 1178, 1186 (10th Cir.2000). But it concluded it could not make the necessary determination because significant, relevant facts bearing on the reasonableness of Deputy Trujillo's actions remained in dispute. The court therefore rejected the officer's qualified immunity defense. Deputy Trujillo appeals.

"[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets

orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

forth a genuine issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). *See also Crawford–El v. Britton*, 523 U.S. 574, 595, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). When a district court's summary judgment ruling merely determines that the evidence is sufficient to raise a triable issue of fact, "the appeal is unlikely to involve the kind of abstract legal issues separate from the fact-related issues that will arise at trial," and thus the justifications for applying the collateral order doctrine are not present. *McFarland*, 212 F.3d at 1183–84.

Here we have no difficulty concluding the district court's ruling avoided abstract legal issues. Its decision plainly rested on a belief that disputed questions of fact precluded entry of summary judgment. The court succinctly summarized its reasons for rejecting Deputy Trujillo's immunity claim:

> Taken in conjunction, the disputed facts of this case, including Defendant's charge against Martin [Weber] despite the lack of any evidence Martin was under the influence of alcohol, as well as Defendant's belief that Gary was not sufficiently under the influence to prevent him from driving, raise a genuine issue of material fact as to whether a reasonable officer would have believed there was probable cause to charge Gary with negligent use of a deadly weapon.

This statement makes abundantly clear the district court's decision rested on evidentiary facts and not legal issues. We therefore lack jurisdiction.

The appeal is DISMISSED.